Totten, J.,
delivered tbe opinion of tbe court:
Tbe prisoner, "Willis Pippin, was convicted in tbe circuit court of Jackson, on an indictment for larceny. He moved in arrest of judgment, and the motion being overruled, -be. appealed in error, to this court. Tbe indictment purports to be preferred, and ¿signed, not by tbe regular attorney for tbe State, but by “Benjamin B. Washburn, special attorney general.” He was appointed by an order of tbe court, in tbe following terms, to wit:' “If appearing to tbe court, that Thomas B. Murray, the attorney general for tbe State, is incompetent to prosecute,the suit of tbe State vs. Willis Pippin, for larceny, be having been employed to defend him against said charge before bis election and qualification to said office; Benjamin B. Washburn was thereon appointed by tbe court, attorney general to prosecute said suit in behalf of tbe State, who appeared in .open court, and was qualified according to law.” In virtue of this order, tbe prosecution was instituted and conducted by tbe said Washburn, acting as attorney general for tbe State.
The question is, was this a valid appointment? Tbe Constitution, article 6, § 5, provides, that “in all cases, where an attorney for any district, fails or refuses to attend, and prosecute according to law, tbe court shall have power to appoint an attorney pro tempore.'1'1
It is clear, that by this clause of tbe Constitution, two cases are provided for. First, where tbe regular attorney for tbe State fails to attend, and prosecute. Second, *45 where he refuses to attend and prosecute. In either case, the court has power to mate an appointment pro tempore. If the attorney be present in coru’t, and refuse to prosecute, for any cause or without cause, the court has power to mate an appointment pro tempore, otherwise, the attorney has power by a wilful act to hinder and delay the public justice to the prejudice of the State and the prisoner. But it is clear, that this is one of the evils against which the Constitution intends to provide. In the exercise of the power to appoint, it is material to state in the order the facts which render it necessary, so that it may appear to be a ease under the Constitution.
For the court has no general power to appoint an attorney for the State, but a special power merely— and in its exercise the facts must appear on the existence of which the validity of the appointment depends.
Now, does the order of appointment assume the existence of a case specified in the Constitution?
It states, that the attorney general, having been of counsel for the accused, was incompetent to perform his office, and then proceeds to make a special appointment.
It does not state that he failed to attend and prosecute, or refused to attend and prosecute — the cases specified in the Constitution — but states a different case, not so specified. Nor do we see, that the causé stated, rendered the attorney legally incompetent, or that - such objection to the exercise of his office would lie against him. Certainly it was a good and sufficient reason why he should himself “refuse to attend and prosecute;” and if he had so acted, the power to appoint was clear and explicit.
*46 But it does not appear, that he either offered, or refused to prosecute, or took any action in the case. We have only the action of the court, which declares him incompetent, and makes a special appointment for a new cause, not stated in the Constitution.
We think it clear, that the appointment of the attorney pro tempore, was void, and that it was good cause in arrest of judgment.
The judgment will therefore be arrested and the prisoner be remanded and be held subject to a regular and legal proceeding.
Judgment arrested.